Dear Mr. Chase:
The Louisiana Tax Commission (LTC) has diligently reviewed the dual ad valorem applications of: (1), Mr. Robert and Mrs. Penny Lord Residential Homestead Exemption (Article VII, Section 20(A)(1) and (2) the Nonprofit corporation for Religious Purposes of Mr. Robert and Mrs. Penny Lord d/b/a Catholic Faith In Action; which are both located at 112 Monticello Court, Pearl River, St. Tammany Parish, Louisiana 70452.
On April 4, 1995, a physical inspection of the above referenced property was done by myself, Executive Secretary, on behalf of the LTC and Hon. Assessor Patricia Schwartz Core, St. Tammany Parish, in the presence of Mr. Robert and Mrs. Penny Lord and Mr. Norm Pizza an attorney located in New Orleans. At that time the Lord's verbally advised that they had sold their properties located in the State of California and were now residing and operating at the referenced Louisiana address.
The 1974 Constitution provides for Homestead Exemption in Article VII, Section 20(1)(A) and is limited to one bona fide homestead exemption. Citation is excerpted from Attorney General Opinion No. 92-143, March 26, 1992, "Only one homestead exemption is allowed per family and, thus, owners who were not permanent residents of . . . . area could not be granted homestead exemption if they were claiming exemption on their permanent residences." Currently and since 1979, Mr. and Mrs. Lord enjoy homestead exemption on their Ventura County, California residence located at: 5253 Sealane, Post Office Box 5675, Oxnard, California 93031. Therefore, the Homestead (Residential) Exemption applied for Louisiana is inapplicable and denied.
Addressing the Nonprofit religious property exemption request, both the 1974 Louisiana Constitution (Article VII, Section 21 (B)(1)(a)) and the United States Internal Revenue Service (501 (C) (3) Code) require that the property in question must be "organized and operated exclusively for religious purposes". And, as cited in the LTC prior opinion of December 13, 1994, Louisiana does not allow exemption on any property "if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association".
Section II of the Catholic Faith In Action Articles of Incorporation, cites the following purpose:
 Purpose. The purpose of the corporation is a religious corporation and is not organized for the private gain of any person. It is organized under the Nonprofit Religious Corporation Law, primarily for religious purposes. (Underlined for emphasis as primarily vs exclusively.)
The 1974 Constitutional Convention transcript relative to the intent of law regarding the "religious" and "nonprofit organizations" are explicitly found in the 71st, 72nd, and 73rd Day Proceedings; which provide for the religious exemption for"church or church related properties". Enclosed is an official letter by the Catholic Church from the Archdiocese of New Orleans that has Catholic religious jurisprudence over the St. Tammany Parish area, in which the said Diocese states: "the organization `Catholic Faith in Action' is not listed in the National Catholic Directory and thus is not entitled to the tax exempt status afforded to the catholic church by the Internal Revenue Service". In conjunction with this statement, the Lord's verbally admitted their non affiliation with the Catholic Church during the said April 4, 1995, property inspection. Therefore, the nonprofit organization for religious purposes request is found inapplicable and denied.
Thanking you for your attention, I remain,
Sincerely,
 Ann R. Laurence Executive Secretary
May 8, 1995
RE: 112 Monticello Court Pearl River, Louisiana 70452
HON. ASSESSOR PATRICIA S. CORE Parish of St. Tammany Post Office Drawer 3200 Covington, Louisiana 70434